# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **GLEN EDWARD RAY, JR. et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-1860-VEH |
| ) | |
| **CALHOUN COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

**I.    Relevant Procedural History**

This case alleging various Alabama state law claims was filed on May 18, 2013, in the Calhoun County, Alabama, Circuit Court, *sub nom. Glen Edward Ray, Jr. and Glen Edward Ray, Sr. v. Calhoun County, et al.*, Case No. CV-2013-900309. (Notice of Removal, Doc. 1; Complaint, Doc. 1-1). On September 27, 2013, Plaintiffs filed an Amended Complaint adding claims under the Fourth Amendment to the United States Constitution brought against Defendants as state actors under 42 U.S.C. § 1983. (Doc. 1; Amended Complaint, Doc. 1-1). The Defendants timely removed this action to this Court on October 7, 2013. On February 12, 2014, Plaintiffs filed a Second Amended Complaint (Doc. 24), which

1

became the operative document upon its filing.

The Defendants filed various motions to dismiss the Second Amended Complaint and supporting briefs. (Docs. 25-26, 27-28, and 29-30). The Plaintiffs opposed the motions by a consolidated response. (Doc. 32). On March 28, 2014, the Defendants replied with a consolidated reply. (Doc. 33). More than three years later, on June 5, 2017, this action was reassigned to newly-appointed Magistrate Judge Herman N. Johnson, Jr. (Notice of Reassignment, Doc. 34). Promptly thereafter, on June 30, 2017, Judge Johnson issued a Report and Recommendation, recommending that each of the motions be granted and this case dismissed with prejudice. (R&R, Doc. 35). In the R&R, Judge Johnson specifically advised the Plaintiffs that written objections were due within fourteen days from the date of the R&R, the requirements for such objections, and the consequences of failing to object. (*Id*. at 26-27).

On June 30, 2017, counsel for the Plaintiffs filed a motion to withdraw. (Doc. 38).[1] That Motion is hereby **GRANTED**.

On July 31, 2017, this case was reassigned to the undersigned United States District Judge. (Notice of Reassignment, Doc. 37).

---

[1] Although the Plaintiffs have been represented by different attorneys at different stages of this case, all pleadings up through the date of the R&R were filed by counsel representing them.

Although Plaintiffs' counsel failed to file any objections to the R&R, one of the two Plaintiffs (Glenn Edward Ray, Jr.) has filed objections. (Objections, Doc. 36, filed July 13, 2017). Glenn Edward Ray, Jr. is not an attorney. Accordingly, the Court has reviewed his objections under the more lenient lens applicable to *pro se* filings. However, the Court notes that he cannot assert (nor does he seem to assert) objections on behalf of claims made by the other Plaintiff, Glenn Edward Ray, Sr.[2]

Further, the Court has carefully reviewed the R&R and the entire file in this case and determines that the Magistrate Judge properly recommended that all of Ray, Sr.'s claims be dismissed with prejudice. The Court adopts such recommendations and will, by separate order, **GRANT** each motion to the extent directed to claims of Ray, Sr., and will **DISMISS WITH PREJUDICE** all claims of Ray, Sr. as to all Defendants.

The Court now turns to the R&R as it relates to the claims of Ray, Jr., as objected to by him, and to the pending motions to dismiss as they relate to the claims of Ray, Jr.

II.    **Standard of Review**

---

[2] The Court will hereinafter refer to Glenn Edward Ray, Jr. as "Ray, Jr." and to Glenn Edward Ray, Sr. as "Ray, Sr."

A district court judge is empowered, in part to encourage efficiency, to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B); *Mathews v. Weber*, 423 U.S. 261, 267–68, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976); *Nettles v. Wainwright*, 677 F.2d 404, 406 (5th Cir.1982).[3] Parties to a dispute upon which a Report and Recommendation has been made are invited to file objections to that Report and Recommendation. 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Under this system, when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is obliged to engage in a *de novo* review of the issues raised on objection. *Id*. ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Raddatz*, 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Nettles*, 677 F.2d at 409. However, issues upon which no timely and specific objections are raised do not

---

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing continuing validity of *Nettles*).

4

require *de novo* review; the district court may therefore "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" applying a clearly erroneous standard.[4] 28 U.S.C. § 636(b)(1); *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784 (11th Cir.2006).[5] *Nettles*, 677 F.2d at 409 ("[T]he failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from a *de novo* determination by the district judge of an issue covered in the report."). Thus, to accept the report and recommendation of a magistrate judge to which no timely and specific objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record.

Whether or not proper — or, indeed, any — objections have been filed, the

---

[4] Although a district judge is not <u>required</u> to review an R&R *de novo* if no objections are filed, the district court is not <u>precluded</u> from reviewing an R&R "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (observing that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment").

[5] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466. Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1373–74 (N.D.Ga.2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 11th Cir.1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to *de novo* review).

district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## III. Objections

Ray, Jr.'s objections are set out in full below, without change or annotation.

> Under 28 U.S.C. § 636(b)(1)(C) and Rule 72.3(b) of the Rules of this Court, Plaintiffs respectfully submit the following objections to certain of the Magistrate Judge's Report and Recommendation, issued on June 30, 2017.:
>
> 1. The Plaintiff recognizes and acknowledges that the Calhoun County Commission and Calhoun County are protected by sovereign immunity.
>
> 2. The Plaintiff recognizes and acknowledges the two year statute of limitation would ban all claims arising out of the November 24, 2009 incident but for the fact that the underlying lawsuit filed in Calhoun County would toll the statute of limitations.
>
> 3. The Plaintiff s claim, referred to as Defendants' claims in the Magistrate's recommendations, for violation of 42 U.S.C. § 1983 claim for a Fourth Amendment.
>
>     a. Unlawful search and seizure violation should still stand against defendant Amerson in his individual capacity should survive. The Plaintiffs allege that there was no probable cause for the search, seizure, and subsequent arrest of the Plaintiff Ray Jr.
>
>     b. The current probable cause standard is "where reasonable officers in the same circumstances and possessing the same

> knowledge as the Defendant could have believed that probable cause to arrest existed." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). While the Defendant did obtain a search warrant, the plaintiff alleges that is was done so under false pretenses. This is based on officer Carter Allen's direct statements to the Plaintiff Ray Jr.

> 4. Count Three — Inadequate Training and Supervision and Failure to Train:
>
>    a. The plaintiff asserts that the Defendant Amerson had a duty to supervise and train Carter Allen and all other named Defendants.
>
>    b. The Plaintiffs [sic] allege that Amerson knew or should have known about the discriminatory practices of the Defendant Officers. As the Plaintiff's cause of actions based on the 2009 incident have been dismissed, any investigations surrounding the 23009 incident indicate that Amerson had notice of the Defendant Officer's discriminatory practices.

(Doc. 36 at 1-2).

## IV. Analysis

A. <u>Dismissal of Claims Against Calhoun County and the Calhoun County Commission</u>.

Ray, Jr. has "recognize[d] and acknowledge[d] that his claims against "the county entities" (Calhoun County and the Calhoun County Commission) are due to be dismissed on the basis of sovereign immunity. (Doc. 36 at 1, ¶ 1.). The Court finds that the Magistrate Judge, without using the words "sovereign immunity", correctly explained that, under Alabama law, neither Calhoun County nor the

7

Calhoun County Commission can be held "liable for any action resulting from the hiring, training, or supervising of sheriff's office personnel" (Doc. 35 at 6) as neither of them has any authority over sheriff's office personnel. Rather, a sheriff and his deputies "function as state executive officers in the execution of their law enforcement duties." (*Id*. at 7). Further, neither of those defendants is a "person" and therefore is not subject to actions brought pursuant to § 1983.[6] Similarly, the Magistrate Judge correctly noted that the Second Amended Complaint contains no claims against the Calhoun County Sheriff's Office or the Calhoun County Drug Task Force[7], although they had been named as defendants in plaintiffs' original Complaint and First Amended Complaint. Accordingly, this Court finds that all claims against either of them (in the original Complaint or the First Amended Complaint) have been abandoned and those parties are due to be **DISMISSED WITH PREJUDICE** on that basis. Further, as the Magistrate Judge also correctly noted, even if the claims previously asserted against the Calhoun County Sheriff's Office and the Calhoun County Drug Task Force had not been abandoned, any

---

[6] In order to bring a viable § 1983 suit, the defendant sued must be an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. at 1214.

[7] *See* Doc. 35, p. 2, fn.2.

claims against them pursuant to § 1983 would be due to be dismissed on the basis that neither of them is a legal entity subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (county sheriff's department not legal entity subject to suit or liability under § 1983); *Edwards v. Florala, Ala. Police Dep't*, 2006 WL 1476038, at *1 (M.D.Ala. May 25, 2006) (drug task force not legal entity subject to suit or liability under § 1983).

For the reasons set out above, the Court hereby **ACCEPTS** the Magistrate Judge's recommendation that all claims (including both those based on federal law and those arising under state law) against Calhoun County, the Calhoun County Commission, the Calhoun County Sheriff's Office and the Calhoun County Drug Task Force be **DISMISSED WITH PREJUDICE**. The Motion To Dismiss filed by the Calhoun County and the Calhoun County Commission (Doc. 25) will be **GRANTED** as to all counts. The defendants remaining after such dismissal are: (Sheriff) Larry Amerson, (Deputy Sheriff) Carter Allen, and (Deputy Sheriff) Mike Willis.

  B. <u>All Official Capacity Claims Are Due To Be Dismissed</u>.

As the Magistrate Judge also correctly analyzed, all of Ray, Jr.'s claims asserted under <u>federal</u> law assert violations by Sheriff Amerson, Deputy Allen, and Deputy Willis, all of whom are "officers of the Government", of the Fourth

9

Amendment's prohibition of unreasonable searches and seizures by persons acting under color of law. (Doc. 35 at 8 - 12). Ray, Jr., does not dispute this characterization/analysis. As the Magistrate Judge further correctly analyzed, none of these individuals can be sued in their official capacities for these alleged Constitutional violations as they all function as state executive officers in the execution of their law enforcement duties. As such, an official capacity claim against any of them is a claim against the State of Alabama, and "' neither a State nor its officials acting in their official capacities are 'persons' under § 1983.'" (Doc. 35 at 12) (citation omitted). Accordingly, to the extent that the motions (Docs. 27 (Amerson) and 29 (Allen and Willis)) seek dismissal of any federal claims against these defendants in their official capacities, the motions will be **GRANTED**. Ray, Jr.'s federal claims (Counts One and Three) against Amerson, Allen, and Willis, in their official capacities will be **DISMISSED WITH PREJUDICE**.

    C.    <u>Application of the Statute of Limitations to Ray, Jr.'s Federal Claims</u>.

The Magistrate Judge properly applied Alabama's two year statute of limitations to Ray, Jr.'s § 1983 claims. (Doc. 35 at 14). As to Ray, Jr.'s November 24, 2009, arrest (as to which he bonded out that same day), the Magistrate Judge found that all of Ray, Jr.'s federal claims were time-barred, because he did not file

suit until May 18, 2013. (*Id*. at 15). Ray, Jr. asserts that "the two year statute of limitations would ban all claims arising out of the November 24, 2009 incident but for the fact that the underlying lawsuit filed in Calhoun County would toll the statute of limitations." (Doc. 36 at 1, ¶2).

Ray, Jr.'s federal claims set out in Count One of the Second Amended Complaint assert claims for "unlawful search and seizure, false arrest, false imprisonment, malicious prosecution[,] and unlawful search of home." (Doc. 35 at 1). Remembering that Ray, Jr. is acting *pro se* in asserting his Objections,[8] the Court construes his reference to "the underlying lawsuit filed in Calhoun County" to be a reference to the criminal proceedings against Ray, Jr. for which he was arrested in November 24, 2009, but which proceedings were *nolle prossed* on May 19, 2011. (Doc. 35 at 3).

The Magistrate Judge correctly found that Ray, Jr.'s federal claims for false arrest and false imprisonment arising out of his November 24, 2009, arrest and for unlawful search (on November 18, 2009) of his residence are time-barred. The Magistrate Judge also correctly found that Ray, Jr.'s federal malicious prosecution claims arising out of both his 2009 and his 2011 arrests were timely. *See* Doc. 35

---

[8] Although Ray, Jr. was represented by counsel at all times prior to the filing of his objections.

at 13-14 (analyzing claims based on search of home), 14-15 (analyzing claims based on November 24, 2009 arrest), and 19 (analyzing accrual of malicious prosecution claims and finding them timely). He further correctly found that Ray, Jr.'s federal claims for false arrest and false imprisonment arising out of his August 10, 2011 arrest (he again bonded out on the date of his arrest) were not time-barred. (*Id*. at 15-16).

Accordingly, to the extent that the motions (Docs. 27 (Amerson) and 29 (Allen and Willis)) seek to have the Court dismiss as time-barred any federal claims for false arrest and false imprisonment arising out of Ray, Jr.'s November 24, 2009 arrest, and for unlawful search (on November 18, 2009) of his residence, such motions are due to be **GRANTED** and those claims will be **DISMISSED WITH PREJUDICE**. However, to the extent that those motions seek to have the Court dismiss as time-barred Ray, Jr.'s federal malicious prosecution claims arising out of either his 2009 arrest or his 2011 arrest, or his federal claims for false arrest and false imprisonment arising out of his August 10, 2011, arrest, the motions are due to be **DENIED**.

D. <u>Qualified Immunity</u>.

The Magistrate Judge also correctly determined that Amerson's Motion To Dismiss was due to be granted and Ray, Jr.'s federal claims against Amerson set

12

out in Count Three of the Second Amended Complaint be dismissed. (Doc. 35 at 22-25). This Court concurs that Ray, Jr. has failed to allege more than conclusory statements in support of this claim. Further, the Court finds that Ray, Jr.'s federal claims against Amerson in his official capacity as set out in Count One of the Second Amended Complaint are also due to be (and accordingly will be) **DISMISSED WITH PREJUDICE** for the same reason (qualified immunity). The Court further finds that Ray, Jr.'s federal claims against Carter and Willis in their respective official capacities as set out in Counts One and Three of the Second Amended Complaint are also due to be (and accordingly will be) **DISMISSED WITH PREJUDICE** for the same reason (qualified immunity).

In sum, although the facts alleged in the Second Amended Complaint establish that Amerson (and Carter and Willis) was (were) acting at all times within his (their) discretionary authority, Ray, Jr. has failed to aver facts necessary to call into question Amerson's (or Carter's or Willis's) qualified immunity. Accordingly, their respective motions (Docs. 27 (Amerson) and 29 (Allen and Willis)) will be **GRANTED** as to these claims. Counts One and Three will be **DISMISSED WITH PREJUDICE** as to Amerson, Carter, and Willis in their respective official capacities on the basis of qualified immunity and FED. R. CIV. P. 12(b)(6).

E. <u>Federal Malicious Prosecution Claim</u>.

The Magistrate Judge correctly noted that the Fourth Amendment's prohibition of unreasonable seizures includes "a federal 'right' to be free from malicious prosecution" (Doc. 35 at 11-12)(quoting *Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996). The Magistrate Judge also correctly set out the elements of a federal malicious prosecution claim under § 1983 and under Alabama law. (*Id*. at 19-20). As pointed out in the R&R (*id*. at 20), a grand jury indicted Ray, Jr. on a charge of trafficking cocaine. Ray, Jr. has wholly failed to allege that "a deliberate and malicious fraud was perpetrated on the grand jury to induce them to indict" him on that charge. (*Id*.). Nor has he alleged any facts to support his conclusory allegation "that defendants lacked probable cause to arrest and prosecute him on cocaine trafficking charges" or that they engaged in obstruction of justice. (*Id*.) Accordingly, the court will **GRANT** the Motions To Dismiss Ray, Jr.'s federal malicious prosecution claim. That claim will be **DISMISSED WITH PREJUDICE**.

F. <u>Federal and State Abuse of Process Claims</u>.

The Magistrate Judge did not separately address Ray, Jr.'s <u>federal</u> abuse of process claim. However, he did correctly recommend dismissal of <u>all</u> of Ray, Jr.'s federal claims to the extent asserted against Amerson, Allen, and Willis in their

official capacities as barred by sovereign immunity and, to the extent asserted against these defendants in their individual capacities, as barred by qualified immunity. As stated above, this Court concurs.

Additionally, this Court finds that Ray, Jr. has wholly failed to allege facts to support such a claim under federal or state law.

"The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice." *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998) (citing *Triple J Cattle, Inc. v. Chambers*, 621 So. 2d 1221, 1225 (Ala. 1993)). As *Hagood* points out, abuse of process is a separate claim from malicious prosecution: "Malicious prosecution concerns the wrongful *issuance* of process; abuse of process concerns the wrongful use of process *after it has been issued*." 711 So. 2d at 950 (emphasis in original).

The Eleventh Circuit has further clarified the scope of an actionable abuse of process claim:

> A review of Alabama law and the law of this court mandates our affirmance of the district court's ruling on appellees' counterclaim[] for abuse of process . . . . As Judge Tuttle stated in *Ancora Corporation v. Stein* [445 F.2d 431, 433 (5th Cir. 1971)]:
>
> We are not convinced that the counterclaim sets out a clear case of abuse of process, as recognized under the Alabama decisions. These cases seem to hold that <u>for such an action to be sustained, the complaint must allege that the action causing damages to the plaintiff</u>

> must allege that a suit had been legally filed for a proper purpose, but that, once filed, the process of the court, such as a writ of attachment or the like, had been improperly used. In other words, the Alabama courts appear not to have recognized, as the basis of an abuse of process suit an allegation that the suit was originated out of an improper motive and solely for the purpose of harassment of the complaining party.
>
> Because no special process was improperly issued in the instant case, we agree with the district court that there is no basis for an abuse of process claim.

*Ramsey v. Leath*, 706 F.2d 1166, 1170 (11th Cir. 1983) (emphasis added). Thus, under *Ramsey* and *Ancora*, Ray, Jr. has failed to allege any cognizable abuse of process claim (under federal or state law) because he complains only about the initiation of criminal charges against him, and does not mention any subsequent "special process [that] was improperly issued[.]" *Ramsey*, 706 F.2d at 1170.

Accordingly, the Court finds that the motions to dismiss are due to be GRANTED as to Ray, Jr.'s abuse of process claims. Accordingly, such claims will be **DISMISSED WITH PREJUDICE**.

    G.    The Defendants Have State Agent Immunity.

Ray, Jr. asserts state law claims in Counts Two (Outrage), Four (Conversion), Five (Trespass to Chattels), Five (Tresspass [sic])[9], Six (Intentional

---

[9] There are two separate counts bearing the number "Five" in the Second Amended Complaint.

Infliction of Emotional Distress), Seven (Deliberate indifference), and Eight (Abuse of Process). Having granted the Motions To Dismiss filed by Calhoun County and the Calhoun County Commission as to all claims (and having found all claims against the Calhoun County Sheriff's Office and the Calhoun County Task Force to have been abandoned), the Court now turns to Ray, Jr.'s objections to the Magistrate Judge's recommendations as to these claims as asserted against Amerson, Carter, and Willis.

As the Magistrate Judge correctly analyzed, because all of the factual allegations in the Second Amended Complaint are that Amerson, Carter, and Willis all were acting within the line and scope of their employment as Sheriff or as Deputy Sheriffs, they are entitled to absolute immunity as to these state law claims. (Doc. 35 at 25-26). Accordingly, the motions to dismiss filed by these defendants will be **GRANTED** as to all of these claims. All of Ray, Jr.'s state law claims against Amerson, Carter, and Willis will be **DISMISSED WITH PREJUDICE**.

V. **Conclusion**

For the reasons set out above, the motions to dismiss the Second Amended Complaint (Docs. 25, 27, and 29) are due to be **GRANTED as to all of Plaintiffs' claims against all Defendants**. By separate Order, the Court will **DISMISS**

17

**WITH PREJUDICE** all claims of both Plaintiffs. Additionally, Plaintiffs' counsel's Motion To Withdraw (Doc. 38) is hereby **GRANTED**.

**DONE** this the 13th day of October, 2017.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge